**David B. Owens** (SBN 275030)
david@loevy.com
**Megan Pierce** (SBN 314044)
megan@loevy.com
**Jon Loevy**, IL Bar: 6218254*
jon@loevy.com
**Steven Art**, IL Bar: 6302319*
steve@loevy.com
**Jordan Poole,** IL Bar: 6344459*
poole@loevy.com
Loevy & Loevy
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
Phone: (312) 243-5900
Fax: (312) 243-5902

**Michael D. Seplow** (SBN 150183)
**Paul Hoffman** (SBN 71244)
mseplow@sshhzlaw.com
hoffpaul@aol.com
Schonbrun Seplow Harris
Hoffman & Zeldes LLP
9415 Culver Boulevard, #115
Culver City, CA 90232
Phone: (310) 396-0731

*Counsel for Plaintiffs,*
*JOFAMA COLEMAN and*
*JOCELYNE COLEMAN*

**Admitted Pro hac vice*

**UNITED STATES DISTRICT COURT FOR**
**THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOFAMA COLEMAN and<br>JOCELYNE COLEMAN,<br>*Plaintiffs,*<br><br>v.<br><br>LOS ANGELES SHERIFF'S<br>DEPARTMENT, et al.<br>*Defendants.* | Case No.: 5:24-cv-2685-JGB-SHK<br><br>Hon. Jesus G. Bernal,<br>District Judge<br><br>Hon. David T. Bristow,<br>Magistrate Judge<br><br>**PLAINTIFFS' OPPOSED MOTION TO APPOINT COUNSEL FOR THIRD PARTY WITNESS ROGELIO CARPIO AND TO COMPEL HIS APPEARANCE**<br><br>**Hearing Date: July 20, 2026**<br>**Hearing Time: 9:00 am**<br>**Courtroom: 1** |

LOEVY & LOEVY
Attorneys at Law

**NOTICE OF MOTION**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on **July 20, 2026, at 9:00 am**, or as soon thereafter as this matter may be heard before the Honorable Jesus G. Bernal in Courtroom 1 of the George E. Brown, Jr. Federal Building and United States Courthouse, 3470 12th St., Riverside, California, Plaintiffs Jocelyne Coleman and Jofama Coleman (collectively, "Plaintiffs") will and do move the Court to appoint counsel for Rogelio Carpio at his deposition and to compel his appearance.

LOEVY & LOEVY
Attorneys at Law

**PLAINTIFFS' OPPOSED MOTION TO APPOINT COUNSEL FOR THIRD PARTY WITNESS ROGELIO CARPIO AND TO COMPEL HIS APPEARANCE**

Plaintiffs, by and through their undersigned counsel, respectfully submit the following Motion to Appoint Counsel for Third Party Witness Rogelio Carpio and to Compel his Appearance:

## BACKGROUND

1. This suit arises out of the wrongful convictions of Plaintiffs Abel Soto and Jofama Coleman for the 2003 drive-by murder of Jose Robles. Dkt. 1.

2. That shooting was investigated by the Los Angeles Sheriff's Department (LASD) and its officers. *Id.* ¶¶ 11, 13-61.[1] During the underlying homicide investigation, Defendants developed evidence pointing to an alternative suspect, Rogelio "Bandit" Carpio. *Id.* ¶¶ 29, 57. Various witnesses connected Mr. Carpio to the murder, motive, and the van used in the drive-by. *Id.* Mr. Carpio was never charged with the crime, nor, according to police reports, was he ever interviewed by LASD detectives about the murder during the underlying investigation.

3. Following Plaintiffs' wrongful convictions for the Robles homicide, more evidence implicating Mr. Carpio in the crime came to light. Dkt. 1 ¶ 69.[2]

[1] Citations are to the Coleman Complaint, Dkt. 1.

[2] There are many documents from both the initial investigation and the re-investigation implicating Carpio in the murder—including handwritten notes from detectives, recorded witness interviews, police reports, and witness declarations. Given that it is undisputed that this

LOEVY & LOEVY
Attorneys at Law

4. Oscar Gomez, Plaintiffs' investigator, served Mr. Carpio with a deposition scheduled for May 28, 2026. Ex. 1 (Proof of Service).

5. When he was served, Mr. Carpio told Mr. Gomez that he wanted "nothing to do with it," and was concerned that if he participated, law enforcement would be "all over him." Ex. 2 ¶ 5 (Gomez Declaration).

6. On May 28, 2026, Mr. Carpio, along with two other unidentified people, showed up at the location and time indicated on Mr. Carpio's subpoena for his deposition. Ex. 3 ¶¶ 3-4(Poole Declaration).

7. Plaintiffs' counsel, Jordan Poole, was present in the room when they arrived. Also present were the court reporter, videographer, and attorney for the Defendants, Jack Ramler. *Id.* ¶3.

8. Ms. Poole and Mr. Ramler explained who they were, who they represented, and the nature of the deposition proceeding. *Id.* ¶5.

9. In response, Mr. Carpio and the unidentified man—potentially a relative of Mr. Carpio—repeatedly insisted that Mr. Carpio would not participate in the deposition. *Id.* ¶6.

10. In addition, Mr. Carpio asked several times for an attorney to represent him in these proceedings. *Id.* ¶7.

---

evidence exists in the record, Plaintiffs do not provide it here. Plaintiffs can provide the Court with this documentation, under seal, if it would assist in the disposition of this motion.

LOEVY & LOEVY
Attorneys at Law

11. Ultimately, Mr. Carpio refused to participate in the deposition on May 28 and left the location. *Id.* ¶8.

12. Plaintiffs' counsel anticipated something like this would happen, given Mr. Carpio has a legitimate concern that would implicate his constitutional rights, including under the Fifth Amendment. Plaintiffs' counsel expressed these concerns to the defense before the deposition, who disagreed with seeking to have counsel appointed for Mr. Carpio.

13. Mr. Carpio has now (validly) refused to participate in the subpoenaed deposition without counsel given his potential exposure for a serious felony—murder—that carries no statute of limitations. *See* CA. PENAL CODE §§ 187, 799; People v. Morris, 46 Cal. 3d 1, 15, 756 P.2d 843, 851 (1988).

14. Given the seriousness of the allegations, and Mr. Carpio's expressed desire for counsel, good cause exists for this Court to appoint Mr. Carpio an attorney for purposes of this deposition in order to ensure his compliance with the subpoena and to ensure his appearance.

15. In addition, given the evidence in the record implicating Mr. Carpio, the fact that the investigation into the murder of Mr. Robles is currently open, and Mr. Carpio's request for an attorney, Plaintiffs' counsel has significant concerns about asking Mr. Carpio to give testimony under oath, without having the opportunity to consult with and be advised by his own counsel.

16. Plaintiffs' counsel therefore respectfully asks this Court to appoint counsel for Mr. Carpio to represent him at his deposition.

17. Courts have routinely appointed counsel in similar circumstances across the country. *See e.g., Porter v. Louisville Jefferson Cnty. Metro Gov.*, 2016 WL 247580 at *2 (W.D.K.Y. Jan. 20, 2016) (appointing counsel for third party witness where there is a possibility of self-incrimination, specifically where the witness "has invoked the Fifth Amendment, cannot afford counsel, and would benefit from the guidance of counsel during his deposition under the specific circumstances of this case"); *Finnegan v. Baldwin*, 2022 WL 22763809 at *1-2 (S.D. Ill. May 5, 2022) (appointing counsel for third party witness who raised Fifth Amendment concerns); Ex. 4 (*Reyes v. Guevara, et al.*, 1:18-cv-01028, Dkt. 201 (N.D. Ill. July 2, 2019) (appointing attorney for third party incarcerated witness deposition)); Ex. 5 (*Gillespie v. Boudreau, et al.*, 1:24-cv-08019, Dkt. 201, (N.D. Ill. April 27, 2026) (appointing counsel for third party deponent)); Ex. 6 (*Cannon v. Burge*, 1:05-cv-2192, Dkt. 184 (N.D. Ill. March 19, 2007) (appointing counsel for incarcerated witness after he requested to speak to an attorney)); Ex. 7 (*Ruiz-Cortez v. City of Chicago*, 1:11-cv-1420, Dkt. 183 (N.D. Ill. May 19, 2015) (counsel appointed for key witness)).

18. The parties conferred on June 10, 2026, and Defendants do not oppose Plaintiffs' request to compel Mr. Carpio's appearance at his deposition but do

LOEVY & LOEVY
Attorneys at Law

oppose Plaintiffs' request to have an attorney appointed for Mr. Carpio. Ex. 3 ¶ 9 (Poole Declaration).

For the foregoing reasons, Plaintiffs respectfully request that this Court appoint counsel for Mr. Carpio at his deposition.

Respectfully Submitted,

JOFAMA COLEMAN and
JOCELYNE COLEMAN

By: /s/ Jordan Poole
*One of Plaintiffs' Attorneys*

LOEVY & LOEVY
Attorneys at Law

**CERTIFICATE OF SERVICE**

I, Jordan Poole, an attorney, certify that on June 18, 2026, I caused the foregoing document to be served by electronic mail on all counsel of record who have appeared in this case.

/s/ Jordan Poole

LOEVY & LOEVY
Attorneys at Law