Adam D. Kamenstein, Bar No. 225921
*adam.kamenstein@adkfirm.com*
Alec Johnson, Bar No. 270960
*alec.johnson@adkfirm.com*
Karen E. Escalante, Bar No. 304686
*karen.escalante@adkfirm.com*
Jonathan K. Ramler, Bar No. 362590
*jack.ramler@adkfirm.com*
ADAMS, DUERK & KAMENSTEIN LLP
445 S. Figueroa Street, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 408-4082

Attorneys for Defendants
LOS ANGELES SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, STEPHEN KATZ, DANNY SMITH, MICHAEL VALENTO, MARK LILLIENFELD, CYNTHIA VALENCIA, NORMAN CAMPBELL and DANIEL ROSENBERG

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOFAMA COLEMAN and JOCELYNE COLEMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>LOS ANGELES SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, STEPHEN KATZ, DANNY SMITH, MICHAEL VALENTO, MARK LILLIENFELD, CYNTHIA VALENCIA, NORMAN POWELL, DANIEL ROSENBERG, and UNIDENTIFIED EMPLOYEES of the COUNTY OF LOS ANGELES AND THE LOS ANGELES SHERIFF'S DEPARTMENT,<br><br>Defendants. | Case No. 5:24-cv-02685-JGB-DTBx<br><br>ASSIGNED TO: HON. JESUS G. BERNAL<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT COUNSEL FOR THIRD-PARTY WITNESS ROGELIO CARPIO**<br><br>Complaint Filed: 12/20/2024<br><br>Hearing Date: July 20, 2026<br>Hearing Time: 9:00 a.m.<br>Courtroom: 1 |

## I. INTRODUCTION

Defendants do not oppose Plaintiffs' motion to compel the testimony of Rogelio Carpio. But Defendants do oppose Plaintiffs' unsupported and premature request for the Court to appoint counsel for a non-incarcerated, third-party witness, who has not yet been compelled to present testimony.[1] Mr. Carpio has not asked this Court to appoint an attorney on his behalf, nor does the record indicate that he cannot afford an attorney. Indeed, it does not appear that Mr. Carpio has even been notified that this request is being made on his behalf, nor is it clear that he would agree to be represented by a court-appointed attorney.

Moreover, Plaintiffs have presented no argument that they have standing to request the appointment of counsel for Mr. Carpio. Nor have Plaintiffs presented any argument that this Court has the authority to appoint counsel to a third-party witness under these circumstances. Indeed, it appears disingenuous for Plaintiffs to suggest they are acting in Mr. Carpio's best interest while simultaneously seeking to compel his testimony. Defendants oppose the present request because without any apparent authority, Plaintiffs ask this Court to issue an extraordinary order, affecting the interests of a non-party witness without his apparent knowledge or consent.

## II. ARGUMENT

Plaintiffs' motion to appoint counsel for Mr. Carpio is procedurally flawed because Plaintiffs lack standing to make the request and have failed to establish that this Court has the authority to grant it.

///

///

[1] Defendants note this motion relates to discovery and should have been directed to Magistrate Judge Bristow in accordance with his procedures. Even if properly directed to this Court, Plaintiffs have failed to submit a joint stipulation as required under Local Rule 37-2.

### A. Plaintiffs Lack Standing for Their Motion.

Plaintiffs do not have standing to request the Court to appoint counsel on behalf of Mr. Carpio. "The doctrine of standing asks whether a litigant is entitled to have a federal court resolve his grievance." *Kowalski v. Tesmer*, 543 U.S. 125, 128 (2004). And when proceeding before an Article III court, a party "generally must assert his *own* legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (emphasis added). This rule "represents a healthy concern that if the claim is brought by someone other than one at whom the constitutional protection is aimed, the courts might be called upon to decide abstract questions of wide public significance [. . .] even though judicial intervention may be unnecessary to protect individual rights." *Kowalski*, 543 U.S. at 129 (internal citations and quotations omitted). The Supreme Court has "recognized the rights of litigants to bring actions on behalf of third parties, provided three important criteria are satisfied[.]" *Powers v. Ohio*, 499 U.S. 400, 410–411 (1991); *see also Kowalski*, 543 U.S. at 129–130. First, the party asserting the right must have suffered an "injury in fact[.]" *Id.* at 411. Second, the party asserting the right must have a "close" relationship with the third party. *Id.* Third, there is some "hindrance" to the third party's ability to assert his own interests. *Id.*

While the rule against asserting third-party interests is not absolute, Plaintiffs have made no showing that the exception applies in this case. "A relationship is 'close,' for purposes of third-party standing, where 'the [litigant] is fully, or very nearly, as effective a proponent of the right as the [third party].'" *Doe v. Lombardo*, 745 F. Supp.3d 1109, 1122 (D. Nev. 2024) (alterations in original) (quoting *Singleton v. Wulff*, 428 U.S. 106, 115 (1976)). *Compare Powers v. Ohio*, 499 U.S. 400 (1991) (finding close relationship between criminal defendant and excluded juror, both of whom "have a common interest in eliminating racial discrimination from the courtroom") *and Griswold v. Connecticut*, 381 U.S. 479, 481 (1965) (finding professional relationship of doctor with pregnant women to be sufficiently close to confer standing) *with Kowalski*, 543 U.S. at 131

(finding that close relationship did not exist between attorneys wishing to be appointed counsel and hypothetical indigent defendant-appellees) *and McMahon v. Cnty. of Santa Barbara*, No. cv-1502714-BRO-CWX, 2016 WL 11758773, at *16 (C.D. Cal. Apr. 19, 2016) (dismissing Plaintiffs' claim for injunctive relief upon finding that § 1983 Plaintiff failed to allege close relationship between himself and potential third-party victims of County's policies). Here, the relationship between Plaintiffs and Mr. Carpio is more adverse than "close." Plaintiffs are moving this Court to compel Mr. Carpio's deposition and apparently anticipate asking him questions that may implicate his Fifth Amendment rights. On this basis alone, Plaintiffs have no standing to bring this motion.

Nor have Plaintiffs shown that there is a hindrance to Mr. Carpio's ability to advocate for his own interests on the matter. The Supreme Court considers the hindrance requirement met when the third party is unable to assert his right, not merely uninterested in making the assertion. *See Sessions v. Morales-Santana*, 582 U.S. 47, 57 (2017) (finding that third party's failure to assert claim in his own right stemmed from disability and not disinterest and citing *Miller v. Albright*, 523 U.S. 420, 450 (1998) (O'Connor, J., concurring) ("Where legitimate obstacles . . . exist, which lie beyond the control of the rightholder, that party's absence from a suit more likely stems from disability than from disinterest.")). Moreover, it is not a hindrance that a third party is "less educated or articulate" than a plaintiff; the third party is still presumed to be "better suited than Plaintiff to litigate their own suffered harms." *McMahon*, 2016 WL 11758773, at *16. Here, there is no evidence that would indicate that Mr. Carpio is unable to retain his own counsel should he need to do so, and Mr. Carpio is better suited to assert his own interests regardless.

For the foregoing reasons, Plaintiffs lack standing to bring this motion. *See In re Cessna 208 Series Aircraft Products Liability Litigation*, No. 05-md-1721-KHV-DJW, 2008 WL 5132686, at *2 (D. Kan. Dec. 5, 2008) (denying plaintiffs' request to appoint counsel for third-party fact witness for purposes of facilitating that witness's appearance at his deposition and questioning "whether Plaintiffs have standing to seek appointment

of counsel for a nonparty witness"); *Strong v. Wisconsin*, No. 07–cv–86–bbc, 2008 WL 4280393, at *1 (W.D. Wis. Feb. 28, 2008) ("[D]efendants do not have standing to seek appointment of counsel for someone who is not seeking representation.").

**B. Plaintiffs Fail to Establish That the Court Has Authority to Issue the Extraordinary Order Requested.**

"The appointment of counsel in a civil case is not a constitutional right." *Gorum v. Campanella*, No. 2:12-cv-01095-MMD-GWF, 2012 WL 3620475, at *3 (D. Nev. Aug. 2, 2012) (citing *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993)); *see also Adir Int'l LLC v. Starr Indem. & Liab. Co*, 994 F.3d 1032, 1039 (9th Cir. 2021) ("[T]here is no right of *subsidized* access [to an attorney] in civil cases like there is in the Sixth Amendment context[.]") (quotation omitted and emphasis in original). Rather, courts considering the appointment of counsel rely on statutory authority. While Plaintiffs do not identify the statutory authority upon which they rely, the two unpublished decisions they cite in support of their motion each rely on 28 U.S.C. § 1915(e)(1), which provides, "[t]he court may request an attorney to represent any person unable to afford counsel." *See Porter v. Louisville Jefferson Cnty. Metro Gov't*., No. 3:12-cv-829-CRS, 2016 WL 247580, at *1–3 (W.D. Kentucky, Jan. 20, 2016) (extending discretion afforded under § 1915 to non-party witness upon witness's <u>own motion</u> and showing of indigency); *Finnegan v. Baldwin*, 2022 WL 22763809 (S.D. Ill. May 5, 2022) (permitting § 1915 appointment of counsel for inmate in § 1915 proceeding upon joint request by parties and finding of extraordinary circumstances).

But § 1915(e)(1) is a component of the Prison Litigation Rights Act, enacted to deter frivolous prison litigation of indigent inmates with nothing to lose. *See Skinner v. Switzer*, 562 U.S. 521, 535–536 (2011); 141 Cong. Rec. S14570 (daily ed. May 25, 1995) (statement of Sen. Robert Dole). The Ninth Circuit has interpreted the Act to limit a court's discretion to appoint counsel under § 1915 to proceedings *in forma pauperis*. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Wilson v. St. Francis Medical Center*, No. 2:21-cv-05587-MEMF-(RAOx), 2022 WL 2964823, at *3 (C.D.

Cal. Apr. 22, 2022) ("[T]he Ninth Circuit has interpreted [§ 1915(e)(1)] to confer on a district court the discretion to designate counsel to represent an indigent civil litigant[.]") (citing *Wilborn*, 789 F.2d at 1331). Section 1915(e)(1) is thus not a plenary grant of authority for the Court to subsidize the legal expenses of any witness. *See Sanford v. City of Detroit*, No. 17-13062, 2018 WL 11309877, at *1 (E.D. Mich. Aug. 7, 2018) ("The plaintiff contends that [] § 1915(e)(1) affords plenary authority for the Court to appoint counsel for anyone whom the Court deems worthy of legal assistance. The Court is not convinced that the reach of its discretion extends so far . . . ."). Furthermore, even for indigent litigants, district courts can appoint civil counsel under § 1915 "only in 'exceptional circumstances.'" *Miranda Ramirez v. Samuel*, No. 2:23-cv-07576-SPG-BFM, 2025 WL 2670876, at *1 (C.D. Cal. July 31, 2025) (quoting *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)). Plaintiffs have made no showing that Mr. Carpio is indigent, as required by the statute and the law of this Circuit, and there is no evidence of extraordinary circumstances here.

In keeping with the statutory context of prison litigation, however, some courts outside of the Ninth Circuit have extended § 1915(e)(1)'s discretionary grant to inmates, regardless of a showing of indigency. *See, e.g., Finnegan*, 2022 WL 22763809, at *1, *Gillespie v. Boudreau*, No. 1:24-cv-08019, Dkt. 201, (N.D. Ill. Apr. 27, 2026) (ordering, without reasoning, the recruitment of counsel for an incarcerated witness); *Reyes v. Guevara, et al.*, No. 1:18-cv-01028, Dkt. 201, (N.D. Ill. July 2, 2019) (granting, without reasoning, parties' joint motion to appoint counsel for deposition of incarcerated witness). But these cases are inapposite because Mr. Carpio is not incarcerated.

Indeed, Mr. Carpio has not even asked this Court to appoint counsel for him, thereby illegitimizing any effort to do so. *See Miranda Ramirez*, 2025 WL 2670876, at *1 ("But § 1915 'does not authorize the federal courts to make coercive appointments of counsel.'") (quoting *Mallard v. U.S. D. Ct. for the S.D. of Iowa*, 490 U.S. 296, 310 (1989)); *see also Adelphia Recovery Trust v. Bank of America, N.A.*, No. 4:09–MC–00139, 2009, WL 4268982, at *5 (M.D. Penn. Nov. 24, 2009) (denying motion to appoint

counsel for non-party witness as "unwarranted" where witness did not seek appointment). Evaluating a motion to appoint counsel under § 1915 under similar facts, the district court in *Sanford* concluded:

> In this case [the third-party witness] has not made any request for representation, and there has been no information supplied to the Court to establish that he could not afford an attorney if he desires one . . . . The Court therefore finds that the plaintiff has not shown good grounds for granting the extraordinary relief that he seeks, and, moreover, it is doubtful that he even has standing to request it.

*Sanford*, 2018 WL 11309877, at *1.

Likewise, this Court does not have the authority under § 1915 to order the extraordinary relief of requesting counsel for Mr. Carpio, who has neither requested representation from the Court nor made any showing of inability to pay.

## III. CONCLUSION

For the foregoing reasons, Defendants request that the Court deny Plaintiffs' motion to appoint counsel for Mr. Carpio.

DATED: June 29, 2026

**ADAMS, DUERK & KAMENSTEIN LLP**

By: */s/ Jonathan K. Ramler*
Adam D. Kamenstein
Alec Johnson
Karen E. Escalante
Jonathan K. Ramler

Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, STEPHEN KATZ, DANNY SMITH, MICHAEL VALENTO, MARK LILLIENFELD, CYNTHIA VALENCIA, NORMAN CAMPBELL, and DANIEL ROSENBERG

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants County of Los Angeles, Los Angeles Sheriff's Department, Stephen Katz, Danny Smith, Michael Valento, Mark Lillienfeld, Cynthia Valencia, Norman Campbell, and Daniel Rosenberg, certifies that this brief contains 1,939 words, which complies with the word limit of L.R. 11-6.1.

DATED: June 29, 2026

**ADAMS, DUERK & KAMENSTEIN LLP**

By: */s/ Jonathan K. Ramler*
Jonathan K. Ramler