**David Owens** (SBN 275030)
Loevy & Loevy
333 S Grand Ave, Suite 3310
Los Angeles, CA 90071
david@loevy.com

**Megan Pierce** (SBN 314044)
**Jon Loevy,** IL Bar: 6218254
**Steven Art**, IL Bar: 6302319
**Jordan Poole**, IL Bar: 6344459*
megan@loevy.com
jon@loevy.com
steve@loevy.com
poole@loevy.com
Loevy & Loevy
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
Phone: (312) 243-5900
Fax: (312) 243-5902
**Admitted pro hac vice*

**Michael D. Seplow** (SBN 150183)
**Paul Hoffman** (SBN 71244)
mseplow@sshhzlaw.com
hoffpaul@aol.com
Schonbrun Seplow Harris
Hoffman & Zeldes LLP
9415 Culver Boulevard, #115
Culver City, CA 90232
Phone: (310) 396-0731

*Counsel for Plaintiffs,*
*JOFAMA COLEMAN AND JOCELYNE COLEMAN*

**UNITED STATES DISTRICT COURT FOR**
**THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOFAMA COLEMAN and JOCELYNE COLEMAN,<br>*Plaintiffs,*<br><br>v.<br><br>LOS ANGELES SHERIFF'S DEPARTMENT, at el.<br>*Defendants.* | Case No.: 5:24-cv-2685-JGB-SHK<br><br>Hon. Jesus G. Bernal, District Judge<br><br>Mag. Judge David T. Bristow<br><br>Hearing Date: July 20, 2026<br>Hearing Time: 9:00 a.m.<br>Courtroom: 1<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO APPOINT COUNSEL FOR THIRD PARTY WITNESS ROGELIO CARPIO AND TO COMPEL HIS APPEARANCE** |



LOEVY & LOEVY
Attorneys at Law

1. Between the filing of Defendants' response brief and this reply, Judge Bristow held a hearing on July 2, 2026, and during that hearing discussed the parties' positions regarding the deposition of Mr. Carpio. This reply incorporates the Court's direction to the parties, and it sets forth Plaintiffs' position.

2. Plaintiffs' motion should be granted. Defendants do not dispute (1) that there is evidence implicating Mr. Carpio in a murder; (2) that there is currently an open investigation into that murder; (3) that such a crime carries no statute of limitation; (4) that Mr. Carpio appeared for his deposition and *requested counsel*; and (5) that Mr. Carpio has a Fifth Amendment right to silence that may be implicated by the questioning in this matter. Defendants did not dispute these issues at the hearing last week.

3. In Plaintiffs' view, the Rules of Professional Conduct required them to file this motion, given that Mr. Carpio has requested counsel and good cause exists to recruit *criminal* counsel for Mr. Carpio, as Courts do routinely, where a person's testimony may incriminate them. *See* Dkt. 92 at 6 (collecting cases); *see also United States v. Bendawald,* No. 1:23-CR-00281-DCN, 2025 WL 2240421, at *3 (D. Idaho Aug. 6, 2025) (citing cases concerning situations where a court appointed counsel for a witness "because the court was fearful the witness would perjure themselves or risk self-incrimination") (citations omitted); *cf. United States v. Morton*, 19 F.3d 31 (9th Cir. 1994) (noting that the "district court required defense counsel to give notice before any witness was going to incriminate herself or himself, *so that the court could appoint counsel for that witness"*) (emphasis added).

4. Mr. Carpio's failure to attend a deposition may also result in contempt proceedings, which also would justify appointment of counsel. *See, e.g.*, *Bank of New York Mellon v. White*, No. CV 18-4072 PA (ASX), 2022 WL 3912420, at *1 (C.D. Cal. Aug. 30, 2022) ("Because a person found in civil contempt may be imprisoned, Defendant has a right to counsel and if she desires an attorney but cannot afford one, the Court will appoint counsel for her.").

LOEVY & LOEVY
Attorneys at Law

5. Plaintiffs themselves can seek relief on behalf of a third party because their own interests in this lawsuit are impacted by the deposition of Mr. Carpio. *Cf. In re REMEC, Inc. Sec. Litig.*, No. CIV 04CV1948 JLS AJB, 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008) ("A party can move for a protective order in regard to a subpoena issued to a non-party if it believes its own interests are jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information."). This is especially prudent given that there is no chance Mr. Carpio will, without counsel, seek any intervention from this Court directly. The only way Mr. Carpio's constitutional rights will be protected is if this Court intervenes as Plaintiffs suggest. Defendants' position, that Mr. Carpio should be compelled by this Court to appear and give testimony, without the protection of his own counsel, is the worst of all possible outcomes.

6. In the Ninth Circuit, as Judge Bristow observed at the most recent hearing, this Court at minimum has the power to recruit volunteer counsel to represent Mr. Carpio. Plaintiffs' counsel will work with Defendants' counsel to identify an attorney willing to volunteer to represent Mr. Carpio, confer with all counsel, and provide a stipulation within two weeks.

7. For all of these reasons, Plaintiffs' motion should be granted.

Respectfully Submitted,

**JOFAMA COLEMAN AND JOCELYNE COLEMAN**

By: /s/ Jordan Poole
*One of Plaintiffs' Attorneys*

LOEVY & LOEVY
Attorneys at Law

**CERTIFICATE OF SERVICE**

I, Jordan Poole, an attorney, certify that on July 6, 2026, I caused the foregoing document to be served by electronic mail on all counsel of record who have appeared in this case.

/s/ Jordan Poole
*One of Plaintiffs' Attorneys*

LOEVY & LOEVY
Attorneys at Law