**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

Case No. **5:24-cv-02685-JGB-DTBx** Date: **July 29, 2026**
Consolidated with **2:24-cv-10966-JGB-DTBx**

Title: **Jofama Coleman, et al. v. Los Angeles Sheriff's Department, et al.**
Consolidated with **Abel Soto v. Los Angeles Sheriff's Department, et al.**

===========================================================

**DOCKET ENTRY**

===========================================================

PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

Rachel Maurice
Deputy Clerk

n/a
Court Reporter

ATTORNEY PRESENT FOR PLAINTIFF:
None Present

ATTORNEYS PRESENT FOR THIRD-PARTY:
None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REGARDING PRODUCTION OF HOMICIDE FILES**

Having held a series of informal discovery conferences with the parties regarding Plaintiffs' efforts to discover Defendant Los Angeles Sheriff's Department ("LASD") homicide files as proof of Plaintiffs' Monell claims, the parties have submitted a Stipulated Proposed Order Regarding Production of Homicide Files, with competing language as to two of the provisions contained therein. Having reviewed the Proposed Order Regarding Production of Homicide Files, the Court orders as follows:

Defendant LASD is ORDERED to produce 80 homicide files, which shall be randomly selected from those homicides that occurred in the years 2003 and 2004 and which were then investigated and cleared by the LASD (the "Homicide Files"). The remainder of this Order governs the manner in which the Homicide Files shall be produced.

1. **Confidentiality of Homicide Files**. The Homicide Files themselves and all parts of the process of selecting and producing the Homicide Files shall be subject to the Stipulated Second Amended Protective Order (Docket No. 103) entered in these cases.

2. **Random Selection of Homicide Files**. All parties shall participate in the process of randomly selecting 80 Homicide Files from within the 364 homicides that occurred in 2003 and 2004 and were investigated and cleared by Defendant LASD. Defendant LASD shall produce a list of Uniform Report Numbers for each of the 364 homicides ("Homicide Case List"), and the parties shall randomly select files from the Homicide Case List. The Homicide Case List shall be subject to paragraph 7.4 ("Disclosure of "HOMICIDE FILES – ATTORNEYS' EYES ONLY' Information or Items") of the parties' Stipulated Second Amended Protective Order.

3. **Production of Homicide Files**. The Homicide Files shall be produced exactly as they have been kept by Defendant LASD in the normal course of business, and they shall be maintained at all times during the production process exactly as they have been kept by Defendant LASD.

4. **Copying of Homicide Files**. Plaintiffs have identified potential vendors and both parties' counsel will agree to the selection of one such vendor not later than one week after the entry of this Order. Plaintiffs will retain the selected vendor (hereinafter the "Vendor") at their expense to digitize the Homicide Files. The Vendor shall copy and catalogue all paper documents and paper covers of folders in the Homicide Files. The Vendor shall copy and catalogue all digital media in the Homicide Files. The Vendor shall catalogue all physical evidence, analog video and audio tapes, and autopsy photographs.

5. **Review of Homicide Files by Defendants**. Defendants shall receive the Homicide Files first from the Vendor, and they shall have 72 hours to review each Homicide File before producing the entire file, minus privileged materials, to Plaintiffs. Defendants shall provide a log of any privileged material within 10 days from the date of production of any file containing privileged material to Plaintiffs.

**IT IS SO ORDERED**.