UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 24-2685 JGB (DTBx)** | Date | August 3, 2026 |
| Title | ***Jofama Coleman, et al. v. Los Angeles Sheriff's Department, et al.*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| MAYNOR GALVEZ | Myra Ponce |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| Jordan Poole | Karen E. Escalante, Jonathan Rambler |

**Proceedings:** **Order (1) GRANTING Plaintiffs' Motion to Appoint Counsel for Rogelio Carpio and to Compel Mr. Carpio's Deposition; (2) APPOINTING Charles Eaton as Counsel for Mr. Carpio for Purposes of His Deposition Pursuant to the Criminal Justice Act**

Before the Court is Plaintiffs' motion to compel the deposition of Rogelio Carpio and to appoint counsel for Mr. Carpio. ("Motion," Dkt. No. 92.) After considering the papers filed in support of and in opposition to the matter, and oral argument before the Court on August 3, 2026, the Court **GRANTS** the Motion.

On December 20, 2024, Plaintiffs Jofama Coleman and Jocelyne Coleman filed a complaint against Defendants in this Court. ("Complaint," Dkt. No. 1.) On June 18, 2026, Plaintiffs Jofama Coleman ("Coleman") and Jocelyne Coleman (together, "Plaintiffs") filed the instant Motion. (Mot.) Plaintiffs' case is premised on Defendants' alleged wrongful conviction of Coleman for the murder of Jose Robles in 2003. (Mot. at 3.) Coleman contends that Defendants developed evidence during the murder investigation pointing to Mr. Carpio's involvement, but he has never been charged with a crime. (Id.) Plaintiffs' investigator served Mr. Carpio with a deposition scheduled for May 28, 2026. (Id. at 4.) Mr. Carpio told the investigator at the time that he wanted "nothing to do with it." (Id.)

On May 28, 2026, Mr. Carpio and two unidentified individuals showed up at the scheduled deposition. (Id.) Plaintiffs' counsel was present when they arrived, along with the court reporter, videographer, and an attorney for Defendants. (Id.) The attorneys explained who they were, who they represented, and the nature of the deposition proceedings. (Id.) In response, Mr. Carpio and one of the unidentified individuals repeatedly insisted Mr. Carpio

would not participate in the deposition. (Id.) Mr. Carpio also asked several times for attorney to represent him in these proceedings. (Id.) Ultimately, Mr. Carpio refused to participate in the deposition and left. (Id. at 5.)

Under the United States Courts' Guidelines for implementation of the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, "[w]henever the U.S. magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person . . . where there is reason to believe, either prior to or during testimony, that the witness could be subject to a criminal prosecution, a civil or criminal contempt proceeding, or face loss of liberty." CJA Guidelines § 210.20.20(c) Discretionary Appointments ("the Guidelines"). The Guidelines provide for such appointment "[u]pon application of a witness before a grand jury, a court, the Congress, or a federal agency or commission which has the power to compel testimony." Id.

Though Mr. Carpio has not directly applied to this Court for appointment of counsel, when he appeared at his originally scheduled deposition, he repeatedly requested an attorney be provided for him in this case. (Mot. at 2.) Given the challenges for an unrepresented witness to make an appearance in court to formally request counsel, Mr. Carpio's request at the deposition is sufficient for the Court to appoint counsel on his behalf under the CJA. The parties also note that the request for Mr. Carpio to be compelled to appear at a deposition is unopposed. (Mot. at 6-7.)

Based on the foregoing, the Court **GRANTS** the Motion. The Court **APPOINTS** Charles Eaton as counsel for Rogelio Carpio under the Criminal Justice Act for purposes of his deposition in this case. The Clerk is directed to open a miscellaneous case entitled In re Rogelio Carpio, to docket this order as the case-opening document, and to appoint Mr. Eaton as counsel for Mr. Carpio in that case. Plaintiffs are **ORDERED** to contact Mr. Eaton within five days of the date of this order and to provide all contact information in their possession for Mr. Carpio. Mr. Eaton is further **DIRECTED** to contact Plaintiffs' counsel to obtain contact information for Mr. Carpio to initiate his representation, and to file a financial affidavit for Mr. Carpio once representation has been established.

Charles Eaton
(951)680-0100
ceaton@gravesandking.com

Jordan Poole
(312)243-5900
poole@loevy.com

**IT IS SO ORDERED.**

**cc: CJA**