Adam D. Kamenstein, Bar No. 225921
*adam.kamenstein@adkfirm.com*
Alec Johnson, Bar No. 270960
*alec.johnson@adkfirm.com*
Karen E. Escalante, Bar No. 304686
*karen.escalante@adkfirm.com*
Jonathan K. Ramler, Bar No. 362590
*jack.ramler@adkfirm.com*
ADAMS, DUERK & KAMENSTEIN LLP
445 S. Figueroa Street, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 408-4082

Attorneys for Defendants
LOS ANGELES SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, STEPHEN KATZ, DANNY SMITH, MICHAEL VALENTO, MARK LILLIENFELD, CYNTHIA VALENCIA, NORMAN CAMPBELL and DANIEL ROSENBERG

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ABEL SOTO,

Plaintiff,

v.

LOS ANGELES SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, STEPHEN KATZ, MICHAEL VALENTO, MARK LILLIENFELD, CYNTHIA VALENCIA, DANIEL ROSENBERG, and UNIDENTIFIED EMPLOYEES of the LOS ANGELES SHERIFF'S DEPARTMENT,

Defendants.

Case No. 5:24-cv-2685-JGB-DTBx

ASSIGNED TO: HON. JESUS G. BERNAL

**NOTICE OF MOTION AND DEFENDANTS COUNTY OF LOS ANGELES AND LOS ANGELES SHERIFF'S DEPARTMENT'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S ORDER (DKT. 104) PURSUANT TO FED.R.CIV.P. 72; DECLARATION OF ADAM D. KAMENSTEIN; DECLARATION OF STEPHANIE SHROUT; [PROPOSED] ORDER**

Hearing Date: September 14, 2026
Hearing Time: 9:00 a.m.
Courtroom: 1

Complaint Filed: 12/20/2024

JOFAMA COLEMAN and JOCELYNE COLEMAN,

Plaintiffs,

vs.

LOS ANGELES SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, STEPHEN KATZ, DANNY SMITH, MICHAEL VALENTO, MARK LILLIENFELD, CYNTHIA VALENCIA, NORMAL POWELL, DANIEL ROSENBERG, and UNIDENTIFIED EMPLOYEES of the LOS ANGELES SHERIFF'S DEPARTMENT,

Defendants.

**NOTICE OF MOTION AND MOTION**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 14, 2026, at 9:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Jesus G. Bernal in Courtroom 1, of the George E. Brown, Jr. Federal Building and United States Courthouse, 3470 12th St., Riverside, California, Defendants County of Los Angeles and Los Angeles County Sheriff's Department will move for review of the Order regarding production of homicide files issued by Magistrate Judge Bristow on July 29, 2026 (Dkt. 104) (hereinafter "Order").

As set forth in the concurrently filed Declaration of Adam D. Kamenstein ("Kamenstein Decl."), this motion is brought following the conference of counsel required by Local Rule 7-3, which took place on Friday, July 31, 2026. *See* Kamenstein Decl. ¶¶ 3-4.

/ / /

/ / /

This motion is based on this notice of motion and motion; the memorandum of points and authorities in support thereof; the Declaration of Adam D. Kamenstein; the Declaration of Stephanie Shrout; all records and documents heretofore filed in this case; and upon any further written or oral argument that this Court may allow at the hearing on the motion.

DATED: August 12, 2026

**ADAMS, DUERK & KAMENSTEIN LLP**

By: *\/s/ Adam D. Kamenstein*

Adam D. Kamenstein
Alec Johnson
Karen E. Escalante
Jonathan K. Ramler

Attorneys for Defendants
LOS ANGELES SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, STEPHEN KATZ, MICHAEL VALENTO, MARK LILLIENFELD, CYNTHIA VALENCIA, NORMAN CAMPBELL, DANNY SMITH and DANIEL ROSENBERG

# TABLE OF CONTENTS

INTRODUCTION ……………………………………………………………………..1
FACTUAL BACKGROUND…………………………………………………………..2
LEGAL STANDARD……………………………………………………………………..4
ARGUMENT……………………………………………………………………………...5
A. The Order is Clearly Erroneous……………………………………………5
B. The Order is Contrary to Law………………………………………………...6
CONCLUSION………………………………………………………………………..10

# TABLE OF AUTHORITIES

**Cases**

*Bhan v. NME Hospitals, Inc.*,
929 F.2d 1404, 1414 (9th Cir. 1991) .................... 4, 5
*Calendar Research LLC v. Stubhub, Inc.*,
2019 WL 4138660, at *1 (C.D. Cal. June 11, 2019) .................... 4, 7
*Crawford v. Dominic*,
469 F. Supp. 260, 263 (E.D. Pa. 1979) .................... 9
*Crispin v. Christian Audigier, Inc.*,
717 F. Supp. 2d 965, 971 (C.D. Cal. 2010) .................... 5
*Dickinson v. Zurko*,
527 U.S. 150, 162 (1999) .................... 5
*Est. of Bryant v. Baltimore Police Dep't*,
No. ELH-19-384, 2020 WL 6161708, at *8 (D. Md. Oct. 21, 2020) .................... 7
*F.D.I.C. v. Fidelity Dep. Ins. Corp.*,
196 F.R.D. 375, 378 (S.D. Cal. 2004) .................... 5
*McAdam v. State National Insurance Company, Inc.*,
15 F.Supp.3d 1009, 1018 (S.D. Cal. 2014) .................... 9
*Med. Imaging Centers of Amer., Inc. v. Lichtenstein*,
917 F. Supp. 717, 719 (S.D. Cal. 1996) .................... 5
*Roviaro v. United States*,
353 U.S. 53, 59 (1957) .................... 9
*Security Farms v. Int'l Brotherhood of Teamsters*,
124 F.3d 999, 1014 (9th Cir. 1997) .................... 5
*United States v. Chichande*,
113 F.4th 913, 919 (9th Cir. 2024) .................... 6
*United States v. Desage*,
229 F. Supp. 3d 1209, 1213 (D. Nev. 2017) .................... 5

*United States v. Le*,
119 F.4th 700, 703 (9th Cir. 2024) .......... 6
*United States v. Prueitt*,
540 F.2d 995, 1004 (9th Cir. 1976), cert. denied, 429 U.S. 1063 (1977) .......... 9
*United States v. Socialist Workers Party v. Attorney General*,
565 F.2d 19, 23 (2nd Cir. 1977) .......... 9
*United States v. U.S. Gypsum Co.*,
333 U.S. 364, 395 (1948) .......... 5

**Statutes**

28 U.S.C. § 636, et seq. .......... 5
Fed.R.Civ.P. 26(b)(1) .......... 7

**Rules**

72. Fed.R.Civ.P. 72(a) .......... 4, 5
CA CD L.R. 72-2.1 .......... 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendants bring this motion to seek relief from a discovery order that is clearly erroneous because it is not based on a reasoned analysis of factual findings, unreasonably imposes impractical obligations on Defendants, and, most significantly, possibly jeopardizes the physical safety of individuals who have no relation to this litigation, without any articulated basis.

In these now consolidated actions, Plaintiffs Abel Soto, Jofama Coleman, and Jocelyne Coleman ("Plaintiffs") have brought a Section 1983 action against the County of Los Angeles ("County") and the Los Angeles Sheriff's Department ("LASD") (collectively, "Municipal Defendants"), as well as seven individual defendants—six now-retired LASD law enforcement officers and one current LASD deputy—alleging violations of Plaintiffs' constitutional rights following the Los Angeles County Superior Court's findings in 2024 that Plaintiffs Abel Soto ("Soto") and Jofama Coleman ("Coleman") were factually innocent of the May 10, 2003, murder of Victim Jose Robles. In discovery, Plaintiffs propounded a Request for Production of Documents ("RFP") on the Municipal Defendants seeking a copy of every LASD homicide file for a ten-year period from 1998 to 2008 (hereinafter "RFP for Homicide Files"). Declaration of Adam D. Kamenstein ("Kamenstein Decl."), ¶ 8, Ex. 1. The Municipal Defendants timely objected to Plaintiffs' RFP for Homicide Files on numerous bases, including relevance and proportionality. *See* Kamenstein Decl., ¶ 9, Ex. 2 (Defendant LASD's Objections and Responses to the Coleman Plaintiffs' RFP for Homicide Files ("LASD's Response") at 3-5). As set forth in the Declaration of Sergeant Stephanie Shrout in support of LASD's Response, the Municipal Defendants also objected on numerous bases, including that the files would contain victims' personal identifying information and such files may also contain information about confidential informants or agents used in special investigative operations and the release of any confidential informant's or agent's identity, home address, or contact information could endanger the safety of these confidential

informants, agents, and/or their families. *Id.*, Ex. 2 (Declaration of Sergeant Stephanie Shrout in Support of LASD's Response ("Shrout Decl. ISO LASD's Response") ¶ 7).

Following numerous meet and confers with Plaintiffs' counsel and three informal discovery conferences, the magistrate judge issued an Order regarding production of homicide files, Dkt. 104 ( "Order"). The Order requires LASD to produce 80 randomly selected, closed homicide files from the years 2003 and 2004, together with the complete Uniform Report Numbers ("URNs") of all 364 closed homicide files for 2003 and 2004, without setting forth any analysis as to why this discovery is permissible under Federal Rule of Civil Procedure 26. (Dkt. 104 at 2.) As discussed further below, (1) the Order only allows the Municipal Defendants 72 hours to review the files, each of which likely contain thousands of pages of documents, both typed and handwritten, as well as numerous audio and video recordings,[1] prior to producing them to Plaintiffs' counsel, (2) does not exclude juvenile files, (3) does not allow the Municipal Defendants to conduct a confidentiality review to redact, by way of example, the names of confidential informants, whose lives and safety may be at grave risk, and (4) does not explicitly reference the California State laws relating to confidential witnesses' and victims' rights to confidentiality that the Municipal Defendants are required to adhere to. For the reasons set forth below, the Order is clearly erroneous and contrary to law.

**FACTUAL BACKGROUND**

After receiving the Municipal Defendants' Objections and Responses to Plaintiffs' RFP for Homicide Files, the parties met and conferred on or about March 4, 2026. Kamenstein Decl. ¶ 10. Consistent with the magistrate judge's procedures for discovery disputes, defense counsel met and conferred with Plaintiffs' counsel again on April 27, 2026, to attempt to narrow their dispute. *Id.* Decl. ¶ 11. After reaching an impasse, and again consistent with the magistrate judge's procedures for discovery disputes, the parties submitted statements "describing (not arguing) each parties' positions" and appeared

---

[1] Many of these audio and video recordings may be several hours in length. Declaration of Stephanie Shrout ("Shrout Decl."), ¶ 6.

before the magistrate judge for three informal discovery conferences. *Id.* ¶¶ 12-13, 15-16. Due to the nature of the informal discovery process, the magistrate judge did not consider the Shrout Declaration in support of LASD's Response nor were the parties afforded an opportunity to brief the issues presented by Plaintiffs' RFP for Homicide Files. *Id.* ¶ 12. After each discovery conference, the magistrate judge ordered the parties to continue to meet and confer in an attempt to narrow their disputes. *Id.* ¶¶ 13, 15-16. On July 23, 2026, the parties submitted to the magistrate judge an email setting forth the status of the parties' agreements and disagreements both in the email and in a document titled "Exhibit A – Proposed Order," together with a separate stipulated proposed second amended protective order. *Id.* ¶ 18, Ex. 3. "Exhibit A" set forth competing positions on various issues that the parties were *unable* to reach agreement on. Defense counsel assumed that because the parties were at an impasse on various issues, the magistrate judge would require the parties to appear for another conference, however on July 29, 2026, the Magistrate Judge issued the Order.

The Order requires LASD "to produce 80 homicide files, which shall be randomly selected from those homicides that occurred in the years 2003 and 2004[,]" (Dkt. 104 at 1) but does not address the relevance of this discovery to Plaintiffs' claims or the proportionality and confidentiality concerns the Municipal Defendants raised in their Objections and Responses, nor does the Order exclude juvenile files from the 80 files that are to be produced. *See id.* ¶ 2. The Order further requires LASD to "produce a list of Uniform Report Numbers for each of the 364 homicides ("Homicide Case List")," for which the parties will then randomly select 80 files. *Id.* ¶ 2. The Order does not provide that photographs of victims' bodies depicted at crime scenes, like autopsy photographs, should be catalogued and not copied. *See id.* ¶ 4. The Order only allows the Municipal Defendants "72 hours to review each Homicide File before producing the entire file, minus privileged materials, to Plaintiffs." *Id.* ¶ 5. Because the Order is limited to a review of "privileged materials," the Order does not provide the Municipal Defendants with the ability to review and redact otherwise confidential material, such as information that

could lead to the identification of confidential witnesses and undercover law enforcement agents, *id.*, thereby potentially jeopardizing the lives and safety of those individuals and their families. *See* hrout Decl., ¶ 5. Finally, the Order does not include language the parties negotiated and agreed upon in "Exhibit A" regarding the obligations imposed upon the Municipal Defendants by California state law. *Compare* Order *with* Kamenstein Decl., Ex. 3.

On the same day the Order was entered, defense counsel requested to meet and confer with Plaintiffs' counsel at their earliest availability; the parties met and conferred on Friday, July 31, 2026. Kamenstein Decl., ¶¶ 2-3. On August 4, 2026, defense counsel suggested to Plaintiffs' counsel that the parties seek another informal discovery conference before Magistrate Judge Bristow to try to resolve the matter more efficiently and give Magistrate Judge Bristow an opportunity to address Defendants' concerns. *Id.* ¶ 6. On August 6, 2026, Plaintiffs' counsel advised that the earliest date they were available for an informal discovery conference was Friday, August 14, 2026. *Id.* ¶ 6. That same day, defense counsel emailed the chambers of Magistrate Judge Bristow with the parties' neutral statement of the dispute, the parties' positions, and simultaneously informed the Magistrate Court of Defendants' August 12, 2026, deadline for a motion to reconsider pursuant to Rule 72. *Id.* On August 6, 2026, Magistrate Judge Bristow granted the request for an informal discovery conference but set that conference for August 14, 2026. (Dkt. 111.) Accordingly, the Municipal Defendants must now timely bring this motion in order to preserve their rights and objections to the Order.

**LEGAL STANDARD**

The review of a magistrate judge's non-dispositive pretrial order, including discovery orders, is governed by Federal Rule of Civil Procedure 72. Fed.R.Civ.P. 72(a); *see Bhan v. NME Hospitals, Inc.,* 929 F.2d 1404, 1414 (9th Cir. 1991) ("Nondispositive issues include discovery sanctions."); *Calendar Research LLC v. Stubhub, Inc.*, 2019 WL 4138660, at *1 (C.D. Cal. June 11, 2019) (reviewing discovery order as a non-dispositive pretrial order). Under Rule 72(a), a party must file and serve objections to a Magistrate

Judge's discovery order "within 14 days after being served with a copy" of the Magistrate Judge's order. Fed.R.Civ.P. 72(a); *see also* CA CD L.R. ("Local Rule") 72-2.1 ("Any party objecting under Fed.R.Civ.P. 72(a) to a Magistrate Judge's ruling on a pretrial matter not dispositive of a claim or defense must file a motion for review . . . within fourteen (14) days of an oral ruling which the Magistrate Judge indicates will not be followed by a written ruling, or within fourteen (14) days of service of a written ruling."). The motion for review must designate the "specific portions of the ruling objected to and stating the grounds for the objection." Local Rule 72-2.1

A magistrate judge's order may be reversed by the district court if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Bhan*, at 1414. The clearly erroneous standard applies to findings of fact and requires significant deference to the Magistrate Judge's ruling. *Security Farms v. Int'l Brotherhood of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). The contrary to law standard is applicable to legal determinations and provides for *de novo* review on issues of law. *Med. Imaging Centers of Amer., Inc. v. Lichtenstein*, 917 F. Supp. 717, 719 (S.D. Cal. 1996); *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 971 (C.D. Cal. 2010) ("The 'contrary to law' standard permits independent review of purely legal determinations by the magistrate judge." (citation modified)); *accord F.D.I.C. v. Fidelity Dep. Ins. Corp.,* 196 F.R.D. 375, 378 (S.D. Cal. 2004). A Magistrate Judge's order is "contrary to law" if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Desage*, 229 F. Supp. 3d 1209, 1213 (D. Nev. 2017) (citation omitted).

This Court "*must* consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a) (emphasis added).

## ARGUMENT

### A. The Order is Clearly Erroneous

An order is clearly erroneous when a court has a "definite and firm conviction" that an error has been committed. *Dickinson v. Zurko*, 527 U.S. 150, 162 (1999) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). And a court's factual

findings are clearly erroneous if they are illogical, implausible, or without support in the record. *United States v. Le*, 119 F.4th 700, 703 (9th Cir. 2024) (citing *United States v. Chichande*, 113 F.4th 913, 919 (9th Cir. 2024)).

The Order first claims that the "parties have submitted a Stipulated Proposed Order Regarding Production of Homicide Files, with competing language[.]" (Dkt. 104 at 1.) But that is factually incorrect and lacks support in the record. Although the parties submitted a document titled, "Exhibit A – Proposed Order," it was not a Stipulated Proposed Order because it contained the parties' competing provisions and unlike the parties' submission of the Second Amended Protective Order which clearly set forth in the caption that the parties had fully stipulated to the protective order, the caption of Exhibit A did *not* indicate that it was fully stipulated. *See* Kamenstein Decl., ¶ 21, Ex. 3. For this reason alone, the Order is clearly erroneous.

The Order is also clearly erroneous because the Magistrate Court did not incorporate those parts of Exhibit A that were *not* contested. Specifically, the Order excluded language the parties negotiated and agreed upon in "Exhibit A" regarding the obligations imposed upon the Municipal Defendants by California state law. This language served the purpose of clarifying that in producing the homicide files to Plaintiffs, the Municipal Defendants would be acting in accordance with a court order notwithstanding California state laws to the contrary. The language is necessary because it may serve to absolve the Municipal Defendants of liability for producing material the production of which is otherwise contrary to state law. For that reason, too, the Order is clearly erroneous.

Moreover, in certain instances, the Court adopted neither party's position and instead drafted an order lacking any factual findings in support thereof. For this reason, too, the Order is clearly erroneous.

**B. The Order is Contrary to Law**

The Order is contrary to law because it fails to provide a reasoned analysis—and thus fails to apply any relevant statutes, case law, or rules of procedure—as to why the

Municipal Defendants are being ordered to produce 80 homicide files, including juvenile files, why they are being ordered to produce the complete URNs of all 364 closed homicide files for 2003 and 2004, why their review is limited to a review of privileged material only, and why they are required to complete their review of each file within a 72-hour time frame. *See Calendar Research LLC*, 2019 WL 4138660, at * 1 (finding that a discovery order was contrary to law where the magistrate judge failed to engage in a reasoned analysis). For these reasons, the Order is contrary to law. Although the Municipal Defendants initially objected to production of homicide files requested by Plaintiffs as irrelevant and not proportional to the needs of the case, over the course of informal discovery conferences, the magistrate court made it clear that it was prepared to order the Municipal Defendants to produce a substantial number of homicide files. *See* Kamenstein Decl. ¶¶ 13, 15. Thereafter, discussions between the magistrate judge and parties focused on the manner and logistics of the production. *See id.* ¶ 15, 16. Accordingly, the focus of this motion is on the manner and logistics of the production as set forth in the Order.

As relevant here, Rule 26(b)(1) provides, "Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense ***and*** *proportional* to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1).

Although the magistrate judge discussed both the relevance of Plaintiffs' request for homicide files and the proportionality concerns at informal discovery conferences, the Magistrate Court failed to address these concerns in its Order. *See Est. of Bryant v. Baltimore Police Dep't*, No. ELH-19-384, 2020 WL 6161708, at *8 (D. Md. Oct. 21, 2020) (engaging in thorough analysis as to relevance and proportionality of plaintiffs' request for homicide files and finding plaintiffs had failed to meet their burden of

establishing proportionality). And, although the magistrate judge recognized at an informal discovery conference that files relating to juvenile prosecutions should be excluded, Kamenstein Decl. ¶ 13, the Order failed to exclude these files from production without engaging in any analysis notwithstanding that the Municipal Defendants explicitly included in their position that, “To the extent that any of the Homicide Files selected concerns the prosecution of a juvenile, that file shall be excluded from this production.” *Id.* ¶ 18, Ex. 3. For these reasons, the Order is contrary to law.

In their July 23, 2026, submission to the Magistrate Court, the Municipal Defendants also asserted that the complete URNs of all 364 closed homicide files for 2003 and 2004 were not subject to discovery. *Id.* Plaintiffs failed to make any showing as to why these numbers are relevant to their claims and proportional to the needs of the case as required by Rule 26. Defendants’ position on this issue was set forth in the email submitted to the Magistrate Court by Plaintiffs’ counsel on July 23, and in their position, the Municipal Defendants explained that the compilation of numbers is confidential and irrelevant to Plaintiffs’ discovery requests, and thus not subject to discovery. *Id.* The Order does not address Defendants’ concerns and is contrary to law.

In their Objections and Responses to Plaintiffs’ RFP for Homicide Files, the Municipal Defendants continuously raised concerns about the disclosure of personal identifying information of victims, implicitly raising privacy concerns, as well as the disclosure of information pertaining to confidential witnesses, such as confidential informants and undercover officers. *See id.* ¶¶ 9, 11, Ex. 2 (Shrout Decl. ISO LASD’s Response, ¶¶ 6-10). During the June 24 informal discovery conference, the magistrate judge recognized that victims of sexual assault and confidential witnesses were two categories of people deserving of protection, and that the names of confidential witnesses are immaterial to Plaintiffs. *See* Kamenstein Decl. ¶ 15. The magistrate judge’s statements regarding information pertaining to confidential witnesses is in line with controlling authority and such information is typically protected by the informer’s privilege whose purpose is “the furtherance and protection of the public interest in

effective law enforcement." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). As the Supreme Court has recognized, the "privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." Although the privilege is not absolute, the burden of establishing disclosure rests on the person who seeks it, *United States v. Socialist Workers Party v. Attorney General*, 565 F.2d 19, (2nd Cir. 1977) (citing *United States v. Prueitt*, 540 F.2d 995, 1004 (9th Cir. 1976), cert. denied, 429 U.S. 1063 (1977)), and generally requires an individualized analysis. *See Crawford v. Dominic*, 469 F. Supp. 260, 263 (E.D. Pa. 1979) (recognizing "that there will be some situations in which police investigative and personnel files will need to be kept secret to protect some public interest" and setting forth numerous considerations that should be examined); *Socialist Workers Party*, 565 F.2d at 23 (reviewing a case in which the district court directed the FBI to furnish the names of informants and noting that the Second Circuit "would be remiss [. . .] if we did not express our concern that the course upon which the district judge has embarked will lead to disclosure for which there is no substantial need, [. . .], and to unnecessary rummaging in government files."). Although the Order allows for the withholding of "privileged materials," it does not allow for the redaction of otherwise highly sensitive and confidential information that could lead to the identification of confidential witnesses about whom, as the Magistrate Court itself acknowledged, Plaintiffs have no demonstrated need to learn. Moreover, as discussed below, the limited 72-hour review period effectively precludes the Municipal Defendants from engaging in the required analysis to determine whether certain information may in fact be subject to a law enforcement privilege or otherwise implicates sensitive and confidential information and thus the Order appears to require the broad disclosure of information pertaining to both victims and confidential witnesses. For these reasons, the Order is contrary to law and this Court should remand. *See McAdam v. State National Insurance Company, Inc.*, 15 F.Supp.3d 1009, 1018 (S.D. Cal. 2014) (remanding to the magistrate judge where

"magistrate judge made only a summary conclusion" and did not "decide the matter on very specific findings of fact and conclusions of law")

Further, as written, the Order allows the Municipal Defendants only 72 hours to review the homicide files after receiving them from the vendor. Dkt. 104, ¶5. Homicide files often consist of thousands of pages and often have numerous audio and video recordings, some of which may be several hours in length. Shrout Decl. ¶ 6. The 72-hour time period is not feasible or adequate for defense counsel to review the material within the homicide files prior to being required to produce them and, as set forth above, is also not adequate for defense counsel to assess the applicability of potential privileges, including the informer's privilege and the law enforcement privilege. Nor does the Order allow sufficient time for LASD to notify interested parties, which may include affected individuals as well as state agencies and federal law enforcement agencies. *Id.* ¶ 8. In addition, as set forth in the Shrout Declaration ISO LASD's Response, homicide files often contain material that is sealed from public disclosure, and any disclosure would require LASD to seek an unsealing order. Shrout Decl. ISO LASD's Response ¶ 5. As set forth in Defendants' position in the parties' July 23 submission, the Municipal Defendants would request a two-week period of review. The Order also does not address why a 72-hour period of review, instead of 14 days, is required when the production of homicide files will occur on a rolling basis over a period of time expected to last approximately 40 weeks, such that a two-week period of review will extend the entire production timeline by a mere 11 days.[2]

**CONCLUSION**

For the foregoing reasons, this Court should remand to the magistrate judge with instructions to:

---

[2] Due to an oversight, defense counsel did not request that crime scene photographs depicting victims' bodies be catalogued in the same way that autopsy photographs of victims' bodies are to be catalogued under the Order, as these photographs are substantively no different than autopsy photographs.

1. Explicitly include language referencing California state laws that otherwise restrict the Municipal Defendants from disclosing material contained within the homicide files;
2. Exclude from the 80 homicide files to be produced any files that concern the prosecution of juveniles;
3. Grant the Municipal Defendants a two-week period within which to review each homicide file after receiving it from the vendor;
4. Allow the Municipal Defendants to conduct a confidentiality review and redact sensitive and confidential information pertaining to victims of sexual assault and of confidential informants, undercover law enforcement agents, and other protected witnesses;
5. Declare that the complete URNs for all cleared homicide files from 2003 and 2004 are not relevant and do not need to be produced;
6. Declare that photographs depicting victims at crime scenes should be catalogued and not copied in the same way that autopsy photographs are to be catalogued.

DATED: August 12, 2026

**ADAMS, DUERK & KAMENSTEIN LLP**

By: */s/ Adam D. Kamenstein*
Adam D. Kamenstein
Alec Johnson
Karen E. Escalante
Jonathan K. Ramler

Attorneys for Defendants
LOS ANGELES SHERIFF'S DEPARTMENT and COUNTY OF LOS ANGELES

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants County of Los Angeles, Los Angeles Sheriff's Department, Stephen Katz, Danny Smith, Michael Valento, Mark Lillienfeld, Cynthia Valencia, Norman Campbell, and Daniel Rosenberg, certifies that this brief contains 3,693 words, which complies with the word limit of L.R. 11-6.1.

DATED: August 12, 2026

**ADAMS, DUERK & KAMENSTEIN LLP**

By: */s/ Adam D. Kamenstein*
Adam D. Kamenstein

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed a copy of this document (and all attachments) via CM/ECF, which will cause a copy to be served on all counsel of record.

DATED: August 12, 2026

**ADAMS, DUERK & KAMENSTEIN LLP**

By: */s/ Adam D. Kamenstein*
Adam D. Kamenstein