Adam D. Kamenstein, Bar No. 225921
*adam.kamenstein@adkfirm.com*
Alec Johnson, Bar No. 270960
*alec.johnson@adkfirm.com*
Karen E. Escalante, Bar No. 304686
*karen.escalante@adkfirm.com*
Jonathan K. Ramler, Bar No. 362590
*jack.ramler@adkfirm.com*
ADAMS, DUERK & KAMENSTEIN LLP
445 S. Figueroa Street, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 408-4082

Attorneys for Defendants
LOS ANGELES SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, STEPHEN KATZ, DANNY SMITH, MICHAEL VALENTO, MARK LILLIENFELD, CYNTHIA VALENCIA, NORMAN CAMPBELL and DANIEL ROSENBERG

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABEL SOTO,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, STEPHEN KATZ, MICHAEL VALENTO, MARK LILLIENFELD, CYNTHIA VALENCIA, DANIEL ROSENBERG, and UNIDENTIFIED EMPLOYEES of the LOS ANGELES SHERIFF'S DEPARTMENT,<br><br>Defendants. | Case No. 5:24-cv-2685-JGB-DTBx<br><br>ASSIGNED TO: HON. JESUS G. BERNAL<br><br>**DECLARATION OF STEPHANIE SHROUT**<br><br>Hearing Date: September 14, 2026<br>Hearing Time: 9:00 a.m.<br>Courtroom: 1 |
| JOFAMA COLEMAN and JOCELYNE COLEMAN,<br><br>Plaintiffs, | |

vs.

LOS ANGELES SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, STEPHEN KATZ, DANNY SMITH, MICHAEL VALENTO, MARK LILLIENFELD, CYNTHIA VALENCIA, NORMAL POWELL, DANIEL ROSENBERG, and UNIDENTIFIED EMPLOYEES of the LOS ANGELES SHERIFF'S DEPARTMENT,

Defendants.

# DECLARATION OF STEPHANIE SHROUT

I, Stephanie Shrout, declare as follows:

1. I am an employee with the Los Angeles County Sheriff's Department ("LASD") and am currently assigned to the Homicide Bureau as a Sergeant. I have been a peace officer for 28 years and make this declaration in support of the County of Los Angeles and LASD's Motion for Review of Magistrate Judge's Order (Dkt. 104) Pursuant to Federal Rule of Civil Procedure 72 in *Coleman v. Los Angeles Sheriff's Department, et al.*, Case No. 24-cv-02685-JGB, consolidated with *Soto v. Los Angeles Sheriff's Department, et al.*, Case No. 24-cv-10966-JGB.

2. I joined the LASD around 2000 in the capacity of a Deputy Sheriff after lateraling from the Los Angeles Police Department. During my tenure with LASD, I have worked in various assignments in custody and patrol as both a deputy and detective. I was promoted to Sergeant in around 2010. Following that promotion, I worked as a field supervisor in custody and patrol assignments and as an Investigating Sergeant for specialized units, including Internal Criminal Investigations Bureau. I joined the Homicide Bureau around 2017 as an Investigating Sergeant. Around 2025, I also became a Supervising Sergeant of the Unsolved/Cold Case Unit and the Risk Management Liaison for the Bureau.

3. During my time with LASD, I have received numerous formal and informal trainings, as well as in-house briefings from various Law Enforcement entities and the Los Angeles District Attorney's Office on Confidential Informants, including the California Witness Relocation and Assistance Program ("CalWRAP"), Special Operations (Perkins), Marsy's Law, violent crimes including, but not limited to: Domestic Violence, sexual assault crimes, and homicides. I have written and/or participated in hundreds of search warrants, spoken to thousands of victims and/or suspects of various crimes including, but not limited to: juvenile crimes, sex crimes, gang-related crimes, domestic violence, property crimes, fraud/forgery, and crimes against persons (i.e. assaults & murder).

4. Based on my experience, I am aware that, given the nature of homicide investigations, it is likely that many investigative files will contain Personal Identifying Information ("PII") and/or highly sensitive information of minors or victims of sex crimes, which are sensitive and confidential. I am also aware that California restricts the release of juvenile police records under various state laws including, but not limited to, California Welfare and Institutions Code § 827, Family Code § 6500, *et seq.*, and California Rules of Court § 5.551. I further understand that in California, victims of sex crimes have the right to request that their personal information, including their names and addresses remain confidential under California Penal Code § 293, and as a result, their information is also restricted from disclosure. I am aware that the California Victims' Bill of Rights Act of 2008: Marsy's Law, incorporated into the California Constitution, under Article I, § 28(b), generally protects the confidentiality of all victims of crimes. All of these state laws are in conflict with disclosing victim information in discovery in unredacted form.

5. Based on my experience with the Homicide Bureau, I am also aware that homicide files may contain information about Confidential Informants and/or undercover Law Enforcement Officers, sometimes referred to as Special Operations Agents, used in special operations to investigate homicides. Both Confidential Informants and Agents can be Law Enforcement Officers and/or Civilians. Many of these undercover operatives are used in long-term capacities in multiple investigations. Some Confidential informants are former gang members who continue to live in dangerous neighborhoods. Many Agents maintain long-term relationships with Investigators throughout the course of their career. I am further aware that Confidential Informants/Agents, in homicide cases, must interact with people who are suspected of the crimes of murder, attempted murder, and assault with a deadly weapon on citizens and police officers. Due to the dangerous nature of these interactions, I am aware that these confidential operatives put their own lives and safety at risk to solicit information pertaining to these violent crimes and their confidentiality is the utmost important thing to protect during the course of an

investigation and continuing indefinitely after an investigation in order to prevent harm from ever reaching them. I am further aware that the release of any Confidential Informant's or Agent's identity, home address, photograph, or contact information could endanger the safety and lives of these Confidential Informants/Agents, and/or their families. Maintaining confidentiality ensures the safety of these undercover operatives, reduces the risk of retaliation, witness intimidation, and helps with the successful prosecutions of homicide investigations.

6. Based on my experience, I am aware that although homicide files vary in size, it is not atypical for such files to have thousands of pages of documents consisting of initial and supplementary reports prepared during the course of the investigation, autopsy reports, search and arrest warrants and affidavits in support of those warrants, criminal history records of witnesses and/or suspects, and crime scene photos, among other records. I am also aware that homicide files often have numerous audio and video recordings, some of which may be several hours in length.

7. Based on my experience, I am further aware that LASD investigates all homicides throughout the County of Los Angeles for unincorporated areas of Los Angeles County, as well incorporated areas policed by approximately 28 other law enforcements agencies for municipalities such as Gardena, Arcadia, and Huntington Park. I am also aware that LASD works together with both state and federal agencies to investigate homicides in certain instances when homicide suspects are involved in multi-state or federal crimes. The disclosure of an investigative file that also involves other municipalities, state agencies, or federal authorities, may require interagency notification and coordination regarding potentially privileged or confidential materials, including confidential informants or undercover agents.

8. A review period of 72 hours does not allow sufficient time for LASD to consult with its counsel and resolve questions concerning potentially privileged or confidential information. This time period does not allow sufficient time to locate and contact affected individuals whose safety may be jeopardized or to communicate and coordinate with

interested state and federal law enforcement agencies who may want to assert their rights and privileges. Given the reactive nature of criminal investigations, law enforcement officers who may need to be contacted and consulted with concerning any disclosures may not be immediately available at their desk to answer any questions they may receive within one business day.

9. I declare under penalty of perjury that the foregoing is true and correct. Executed on August 12, 2026.

Stephanie Shrout